Ex parte Cintrón .et al., Peticionarios y Apelantes, y El Pueblo, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en un caso de *habeas corpus.*

No. 695.—Resuelto en julio 13, 1914.

Desacato — Jurisdicción de los Jueces Municipales — Desacato Cometido Fuera de la Presencia de la Corte Municipal.—De acuerdo con el artículo 61 del Código de Enjuiciamiento Criminal, único que confiere facultades a los jueces municipales para castigar por desacato, éstos sólo están facultados para castigar por dicho delito cuando se comete ante ellos y nó cuando se comete fuera de su presencia.

Interpretación de Leyes—Discrepancia Entre el Texto Inglés y su Traducción al Español.—Cuando la ley es de origen americano, como ocurre con el Código de Enjuiciamiento Criminal, debe atenderse al texto inglés con preferencia al texto español en casos de discrepancia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Alfonso Lastra Charriez.*

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Genaro Cintrón y Pedro Osoro presentaron a la Corte de Distrito de Ponce una petición de *habeas corpus* intere-

sando que los pusiera en libertad fundándose en que su prisión era ilegal porque la Corte Municipal de Ponce carecía de jurisdicción para castigarlos por el delito de desacato, por el que se les impuso la pena que motivó su encarcelamiento.

Celebrada la vista del auto el juez de la corte de distrito ordenó que continuaran en prisión, contra cuya resolución interpusieron los peticionarios el presente recurso de apelación.

Según el mandamiento bajo el cual los peticionarios fueron reducidos a prisión por el desacato, cuando al día siguiente de haber sido sentenciados los apelantes a pagar una multa de cinco pesos o cinco días de cárcel por infracción de la ley de pesas y medidas el sub-márshal de la Corte Municipal de Ponce requirió a los apelantes en su establecimiento comercial para que satisficieran la multa o de lo contrario los reduciría a prisión, se resistieron obstinadamente y profirieron palabras, que ahora no hemos de repetir, contra el sub-márshal y contra el juez de la corte municipal. Los peticionarios fueron llamados por ésta para que expusieran razones por las que no debían ser castigados por desacato y después de ser oídos se dictó sentencia condenándolos a sufrir cinco días de prisión cada uno.

Al emitir el Hon. Fiscal de este Tribunal Supremo su informe en este caso solicita que revoquemos la resolución de la Corte de Distrito declarando sin lugar la petición de *habeas corpus* y que dictemos otra ordenando la libertad de los apelantes, fundándose para ello en que los jueces municipales no tienen jurisdicción para castigar desacatos cometidos fuera de la presencia del juez, y cita en apoyo de su petición lo resuelto en el caso *Ex parte Pesquera*, 17 D. P. R., 736. En este caso se funda también el juez de la corte inferior para rechazar la solicitud de los apelantes.

En ese caso se trataba de un desacato cometido en la presencia de la corte y se dijo que, si bien las cortes municipales no tenían jurisdicción para castigar por desacato de acuerdo con la ley de 1º. de marzo de 1902, cuyas secciones primera

y tercera fueron enmendadas por ley de 8 de marzo de 1906, porque se refiere sólo a la Corte Suprema, a las de distrito y a cualquiera otra de record que pueda crearse, sin embargo están facultadas para castigar desacatos de acuerdo con los artículos 56 y 61 del Código de Enjuiciamiento Criminal.

En el primero de esos artículos se mencionan las facultades del juez de paz, que hemos declarado ya en el caso citado de Pesquera, son aplicables a los jueces municipales, y en el 61 se dice en la edición inglesa que el juez de paz tendrá facultad para castigar los desacatos que de su autoridad se hagan ante él en el ejercicio de sus funciones judiciales con multa que no exceda de dos y medio dollars o con prisión en la cárcel por un plazo que no exceda de cinco días, o con ambas penas. No dice el texto español que el desacato ha de ser cometido ante el juez de paz, pero cuando la ley es de origen americano, como ocurre con el Código de Enjuiciamiento Criminal, atenderemos al texto en inglés con preferencia al texto en español, en casos de discrepancia.

Así pues, si como hemos declarado, la facultad de los jueces municipales para castigar por desacato, existe de acuerdo con el citado artículo 61 y si éste solo faculta para castigarlo cuando se comete ante él, es claro que no tiene jurisdicción para castigar los que se cometan fuera de su presencia; y como el que motiva la prisión de que se quejan los apelantes no se realizó en la presencia del juez, la sentencia que la decretó es ilegal por haber sido dictada sin jurisdicción.

La resolución apelada debe ser revocada y los peticionarios deben quedar en libertad, cancelándose la fianza que tienen prestada.

*Revocada la sentencia apelada y decretada la excarcelación de los peticionarios.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.